# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JOLISA JONES, on behalf of herself and all others similarly situated,**

    **Plaintiff,**

**v.**                                  **CASE NO. :**

**HOME DELIVERY LINK, INC.,**

    **Defendant.**

_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jolisa Jones ("Plaintiff"), on behalf of herself and all others similarly situated, by and through undersigned counsel, brings this action against Defendant, Home Delivery Link, Inc., ("Defendant" or "HDI"), and in support of hereof states as follows:

## NATURE OF THE LAWSUIT

1. This is a class action complaint for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and for violations of the Florida Constitution, Article X, Section 24, as well as the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110.

2. Plaintiff brings this collective action to recover the unpaid wages owed to her and all other similarly situated employees, current and former, of Defendant who worked in Florida, at any time during the three year period before this Complaint was filed up to the present ("Class Members"). These Class Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

3. Plaintiff complains on behalf of herself, and a class of other similarly situated current and former employees of the Defendant, pursuant to Fed.R.Civ.P.23, alleging she (and they) are entitled to back wages from Defendant for hours/weeks of work for which they did not receive at least the Florida minimum wage, in violation of Article X, Section 24 of the Florida Constitution ("Florida Minimum Wage Claims").

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq. Exercise of supplemental jurisdiction over Plaintiff's state law claims is appropriate under 28 U.S.C. § 1367(c).

5. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

6. This Court has jurisdiction over the Florida Minimum Wage Claims pursuant to 28 U.S.C. §1367, because the acts and omissions that give rise to Plaintiff' FLSA claims are the same acts and omissions that give rise to Plaintiff's Florida Minimum Wage Claims.

7. At all times material hereto, Defendant was subject to personal jurisdiction in the State of Florida under the Florida Long Arm Jurisdiction Act, Fla. Stat. § 48.193. Defendant is subject to personal jurisdiction in Florida, because it caused injury in the State of Florida through its acts and omissions outside of the State of Florida.

8. Furthermore, this Court's exercise of personal jurisdiction over Defendant is constitutionally sound. Through its operations in Brandon, Florida, in Hillsborough County, Defendant has established sufficient minimum contacts with the State of Florida to make it reasonably foreseeable that Defendant could be sued in Florida. Defendant will suffer no unfair

prejudice from the exercise of this Court's personal jurisdiction, which serves the interests of justice in this case.

9. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

10. Defendant operates a freight transportation company operating in Brandon, Florida, in Hillsborough County.

11. Defendant is a foreign corporation with headquarters in San Juan Capistrano, California.

12. Defendant hired Plaintiff to work as a delivery driver at the facility in Brandon, Florida.

13. The Class Members are all of Defendant's current and former delivery drivers ("Drivers") who worked for Defendant in Florida at any time during the applicable limitations period prior to the filing of this Complaint up to the present.

## FLSA COVERAGE

14. In an FLSA case, the following elements must be met. "(1) [Plaintiff] is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay [Plaintiff] minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) *cert. denied,* 134 S. Ct. 62, (U.S. 2013).

15. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Section 6 and 7 of the FLSA, and was thus subject to the individual coverage of the FLSA.

16. As part of her regular job duties for Defendants, Plaintiff routinely and regularly used and/or handled items moving in the stream of commerce. For example, Plaintiff transported furniture for Defendant within the state of Florida.

17. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

18. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA.

19. Defendant continues to be an "employer" within the meaning of the FLSA.

20. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "providing services for commerce" within the meaning of the FLSA.

21. At all times material hereto, the annual gross sales volume of Defendant exceeded $500,000 per year. Thus, Defendant was an enterprise covered by the FLSA under 29 U.S.C. §§ 203(r) and 203(s).

22. At all times material hereto, the work performed by Plaintiff was integral and essential to the business performed by Defendants.

23. Plaintiff has satisfied all conditions precedent, or they have been waived.

24. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

25. Plaintiff requests a jury trial for all issues so triable.

## FACTS

26. Plaintiff worked for Defendants from February 2018 to April 2020 as a delivery driver.

27. Plaintiff's job-duties were to transport freights of furniture in the State of Florida.

28. Defendant exercised employee-level of control over Plaintiff's procedures, actions and responsibilities, all the while improperly classifying her as an independent contractor.

29. Defendant required Plaintiff to utilize its account with a rental company in order for Plaintiff to lease vehicles to perform work for Defendant.

30. Defendant rented vehicles in Plaintiffs name from the rental company for its own use and then required Plaintiff to pay for the rental.

31. Defendant required Plaintiff to utilize its insurance broker to obtain insurance to lease vehicles and transport the furniture for Defendant.

32. Defendant required Plaintiff to place its own signs and placards on all the leased vehicles and to wear Defendant's uniforms.

33. Defendant required Plaintiff to attend as many as three meetings per week.

34. Defendant required all applications of any driver willing to work for Plaintiff, as an alleged independent contractor, to go through Defendant so that Defendant made the hiring decision. Defendant also terminated employees that allegedly work for Plaintiff as an alleged independent contractor. Defendant dictated the work of all drivers.

35. Defendant prohibited Plaintiff from accepting any work from any other entity and thus controlled Plaintiff's profit and loss.

36. Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

37. At all times material hereto, Plaintiff worked hours at the direction of Defendants, and Plaintiff was not paid at least the applicable FLSA minimum wage for all of the hours that she worked.

38. At all times material hereto, Plaintiff worked hours at the direction of Defendants, and Plaintiff was not paid at least the applicable State of Florida minimum wage for all of the hours that she worked, in accordance with the Florida State Constitution and the FMWA.

39. By paying Plaintiff a small percentage of the items delivered and, additionally, deducting from Plaintiff's pay for improper reasons, Defendant failed to pay Plaintiff a minimum wage.

40. Due to Defendant's improper pay practices, Plaintiff often earned only $5.00 for the hours she worked.

41. Defendant charges Plaintiff for multiple fees for which no explanation of the fees given. Defendant has withheld at least $12,000.00 from Plaintiff as part of an alleged performance or rental bond.

42. Defendants failed to track the Plaintiff's hours of work beyond those hours tracked by the United States Department of Transportation.

43. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## 216(b) COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff asserts her claim under the FLSA, pursuant to 29 U.S.C. § 216(b), on behalf of herself and on behalf of all other similarly situated employees currently and formerly employed by Defendants.

45. Pending any modifications necessitated by discovery, the named Plaintiff preliminarily defines the class as follows:

**FLSA 216(b) Class:**

**All current and former Drivers of Defendant, whether or not categorized as employees, trainees, or independent contractors, who were not compensated at least the statutory minimum wage in each week worked.**

46. All potential 216(b) Class members are similarly situated because, among other things, they are or were all *de facto* employees of Defendants and, upon information and belief, all suffered from the same policies of Defendants, including:

    a. Being paid by the job without regard to the number of hours worked;

    b. Being improperly classified as "independent contractors"

    c. Failure to be paid at least statutory minimum wage for each hour of work as mandated by the FLSA.

## CLASS ACTION ALLEGATIONS

47. Plaintiff also sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

48. Plaintiff brings her Florida Minimum Wage Claim on behalf of all persons who were employed by Defendants at any time since May 2017, to the entry of judgment in this case (the "Class Period"), who were "Drivers" and who have not been paid at least the

applicable Florida Minimum Wage for hours/weeks worked, as required, in violation of Article X, Section 24 of the Florida Constitution (the "Class Members").

49. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are likely between 15 and 50 members of the Class during the Class Period.

50. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

51. The Defendant acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

52. Specifically, Defendant failed to pay its Drivers the Florida minimum wage as mandated by Article X, Section 24 of the Florida Constitution.

53. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of minimum wages to Plaintiffs applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

**Florida Minimum Wage Class:**

**All of Defendant's current and former Drivers who worked in the State of Florida at any time during the five (5) years before this Complaint was filed, up to the present, not paid Florida's minimum wage for all hours worked.**

54. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

55. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

56. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a. whether the Defendant employed the members of the Class within the meaning of Article X, Section 24 of the Florida Constitution;

   b. whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

   c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

   d. whether Defendant failed and/or refused to pay the members of the Class at least the Florida Minimum Wage in one of more workweeks;

   e. whether the Defendant is liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and, finally,

  f. whether the Defendant should be enjoined from such violations of Article X, Section 24 of the Florida Constitution in the future.

## **COUNT I – FLSA MINIMUM WAGE VIOLATION**

57. Plaintiff realleges and readopts the allegations of paragraphs 1-2, 4-37, and 39-46 of this Complaint, as though fully set forth herein.

58. During the statutory period, Plaintiff and Class Members worked for Defendants, and they were not paid the applicable statutory minimum wage for the hours that they worked, as mandated by the FLSA.

59. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

60. As a result of the foregoing, Plaintiff and the Class Members have suffered damages.

## **COUNT II – FLORIDA MINIMUM WAGE ACT VIOLATION**

61. Plaintiff realleges and readopts the allegations of Paragraphs 1, 3-13, 23-35, 38-42, and 47-56 of this Complaint, as though fully set forth herein.

62. Plaintiff has exhausted all of her and the Class Members administrative and pre-suit requirements under Fla. Stat. § 448.110. Specifically, Plaintiff has notified Defendants of the deficiency in their wages in writing. In this written notice, Plaintiff identified the applicable State minimum wage at issue, provided actual dates and hours or accurate estimates of all of the periods of employment for which minimum wage payment is sought, and listed the total amount of her alleged unpaid wages through the date of the notice.

63. During the statutory period, Defendants did not pay Plaintiff and the Class Members the applicable Florida statutory minimum wage, as Defendants were required to do under Section 24, Article X of the Florida Constitution and the FMWA.

64. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

b. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

c. All unpaid wages at the FLSA mandated minimum wage rate;

d. All unpaid wage at the Florida mandated minimum wage rate;

e. An equal amount of all owed wages and misappropriated funds as liquidated damages as allowed under the FLSA;

    f.  An equal amount of all owed wages as liquidated damages as allowed under Article X, Section 24 of the Florida Constitution;

    g.  Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

    h.  Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 5th day of October, 2020.

                                        Respectfully submitted,

                                        */s/ Brandon J. Hill*

                                        **BRANDON J. HILL**
                                        Florida Bar Number: 0037061
                                        Direct Dial: 813-337-7992
                                        **AMANDA E. HEYSTEK**
                                        Florida Bar Number: 0285020
                                        Direct Dial: 813-379-2560
                                        **WENZEL FENTON CABASSA, P.A.**
                                        1110 N. Florida Avenue, Suite 300
                                        Tampa, Florida 33602
                                        Main Number: 813-224-0431
                                        Facsimile: 813-229-8712
                                        Email: bhill@wfclaw.com
                                        Email: aheystek@wfclaw.com
                                        Email: gnichols@wfclaw.com
                                        **Attorneys for Plaintiff**